J-S37021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO COULTER | : | |
| | : | |
| Appellant | : | No. 790 EDA 2021 |

Appeal from the Order Entered April 9, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0013151-2007

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 4, 2022**

Antonio Coulter (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 24, 2007, Appellant shot Philadelphia Police Officer Richard DeCoatsworth in the face.  While fleeing, Appellant broke into the home of Herbert Lee Bowers, Jr (Bowers).  Bowers told Appellant to get out and called 9-1-1; Appellant was gone by the time police arrived.  This Court, in affirming the dismissal of Appellant's first PCRA petition, relayed the procedural history as follows:

> On May 20, 2008, Appellant pleaded guilty to attempted murder, aggravated assault under 18 Pa.C.S.A. § 2702(a)(2), burglary, criminal trespass, possessing a firearm on a public street in Philadelphia, possessing a prohibited offensive weapon, and

---

[*] Former Justice specially assigned to the Superior Court.

resisting arrest.[1]  ***See, e.g.***, N.T. Guilty Plea, 5/20/10, at 8 ("[t]he second count charges you with aggravated assault. ... The Commonwealth is proceeding under [s]ubsection (a)(2) of Section 2702 of the Criminal Code with regard to that charge"). On June 25, 2008, the trial court sentenced Appellant to serve a term of 20 to 40 years in prison for the attempted murder conviction and to serve a consecutive term of 16 to 32 years in prison for the aggravated assault conviction.  We affirmed Appellant's judgment of sentence on August 1, 2011. ***Commonwealth v. Coulter***, 32 A.3d 819 (Pa. Super. 2011) (unpublished memorandum) at 1.

> [FN]1 18 Pa.C.S.A. §§ 901(a), 2702(a)(2), 3502(a), 3503(a)(1)(ii), 6106(a)(1), 6108, 908, and 5104, respectively.

On January 25, 2012, Appellant filed a timely, *pro se* PCRA petition.  The PCRA court appointed counsel and counsel then filed an amended PCRA petition on Appellant's behalf.  Within the amended petition, Appellant alleged that trial counsel was ineffective for "not ensuring that [Appellant's] challenge to the discretionary aspects of sentencing was preserved by including a [Pennsylvania Rule of Appellate Procedure] 2119[(f)] statement in [Appellant's] appellate brief" and that the trial court "imposed an illegal sentence when it sentenced [Appellant] consecutively on the charges of attempted murder and aggravated assault because aggravated assault is a lesser included offense of attempted murder and the crimes merge for sentencing purposes."  Appellant's Amended PCRA Petition, 12/24/12, at 2 (some internal capitalization omitted).

On January 7, 2014, the PCRA court provided Appellant with notice that it intended to dismiss Appellant's PCRA petition, without a hearing, in 20 days.  ***See*** Pa.R.Crim.P. 907(1).  The PCRA court finally dismissed Appellant's PCRA petition on February 7, 2014 and Appellant filed a timely notice of appeal to this Court.

After Appellant filed his notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant complied with the [PCRA] court's order[.]

Prior to submitting a brief to this Court, however, PCRA counsel determined that the appeal had no merit. As a result, PCRA counsel notified Appellant that he intended to withdraw from representation and PCRA counsel filed, in this Court, both a petition to withdraw as counsel and an accompanying "no merit" brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (to comply with **Turner/Finley**, counsel must either "submit a 'no-merit' letter to the [PCRA] court[ ] or [a] brief on appeal to this Court").

**Commonwealth v. Coulter**, 696 EDA 2014, *2-5 (Pa. Super. Feb. 10, 2015) (unpublished memorandum) (footnote in original). As noted, we affirmed the dismissal of Appellant's first PCRA petition and granted counsel's petition to withdraw. **Id.** Appellant did not seek review with the Pennsylvania Supreme Court.

On July 24, 2019, Appellant *pro se* filed the underlying PCRA petition. Appellant retained private counsel, who filed an amended petition on August 17, 2020. Appellant conceded his petition was untimely, but attached an affidavit from Bowers recanting his statement to police to support his claim that he satisfied the newly discovered fact exception to the PCRA time-bar. Appellant's Brief at 9; Amended Petition for Post Conviction Relief, 8/27/20, at 11. Appellant claims Bowers' affidavit proves Appellant's innocence.

On February 19, 2021, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant did not respond. The court dismissed the petition on April 9, 2021. Appellant filed this timely appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three questions, stated verbatim:

I.    Did the PCRA Court err when it found that the new evidence claim based on the affidavit of Commonwealth witness Herbert Lee Bower, Jr. recanting his statement to police and accusing detectives of using a recently identified unconstitutional pattern and practice of abuse during interrogations was not timely filed and/or lacked merit?

II.   Did the PCRA Court err when it found that the new evidence claim that detectives who investigated the Appellant's case utilized a newly identified unconstitutional pattern and practice to fabricate evidence against and inculpate the Appellant was not timely filed and/or lacked merit?

III.  Did the PCRA Court err in not conducting an evidentiary hearing on either/both of the above claims?

Appellant's Brief at 3.

In reviewing the PCRA court's dismissal of Appellant's petition, we examine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

To be timely, PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. §

9545(b)(3). Our Supreme Court has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014). Instantly, Appellant's petition is untimely because his judgment of sentence became final on August 31, 2011, and this second petition was filed on July 24, 2019, nearly eight years later. *See Coulter*, 696 EDA 2014, at *3.

A petitioner may overcome the time-bar if he alleges and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception must be filed within one year of the date that the claim could have been presented.[1] 42 Pa.C.S.A. § 9545(b)(2). If a

---

[1] Effective December 24, 2018, the time period in which to file a petition invoking an exception was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, December 24, 2017, or later. Act
*(Footnote Continued Next Page)*

petitioner fails to invoke a valid exception, courts lack jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

In arguing he has met the newly discovered fact exception, Appellant relies on the recantation of the burglary victim, Bowers, who identified Appellant to police. Amended PCRA Petition, 8/27/20, at 5. Appellant asserts:

> [Appellant's] decision to waive his constitutional right to trial and to instead take a plea was based significantly on the belief that Mr. Bowers would testify consistent with the statement to police. Had [Appellant] known at that time that Bowers would have testified truthfully/contrary to the statement attributed to him, [Appellant] would not have waived him right to trial.

*Id.* at 15.

Appellant must demonstrate he did not know the facts upon which he based his petition, and could not have learned the facts earlier by the exercise of due diligence. *See*, *e.g.*, *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands the petitioner take reasonable steps to protect his interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d

*(Footnote Continued)* ─────────────

2018, Oct. 24, P.L. 894, No. 146, § 3. Appellant filed his PCRA petition on July 24, 2019, and thus had one year to present his claim.

714, 720 (Pa. 2008) (emphasis omitted). In other words, the "new facts" exception

> … has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Bennett*, *supra* at 1272 (citations and emphasis omitted).

Here, Bowers' affidavit recanting his statement to police is a newly discovered fact insofar as it indicates Appellant did not know and could not have known that Bowers would recant his statement to police until Bowers contacted Appellant's cousin, Andrew Mosely, on October 17, 2018. Appellant filed his petition on July 24, 2019, within a year of discovering this fact.

However, we must examine the test for granting relief based on after discovered evidence, which requires that the evidence:

> (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict. *See Commonwealth v. Pagan*, [] 950 A.2d 270, 292 ([Pa.] 2008) (citations omitted).

*Commonwealth v. Castro*, 93 A.3d 818, 821 n.7 (Pa. 2014). In determining "whether the alleged after-discovered evidence is of such nature and character that it would likely compel a different verdict if a new trial is granted, . . . a court should consider the integrity of the alleged after-

discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Commonwealth v. Padillas***, 997 A.2d 356, 365 (Pa. Super. 2010) (cleaned up).  In addition, "the proposed new evidence must be producible and admissible."  ***Castro***, 93 A.3d at 825 (cleaned up).

In this case, the PCRA court provided a detailed explanation for its denial of relief.  The court explained:

> Here, even if true, Mr. Bowers' recantation does not entitle [Appellant] to relief because it would not have justified a new trial had the case gone to trial.  Mr. Bowers never claimed to have witnessed the shooting of Officer DeCoatsworth, so his recantation does not affect, at all, the overwhelming evidence that [Appellant] shot Officer DeCoatsworth in the face with a shotgun.
>
> Officer DeCoatsworth was available to testify had the case gone to trial.  According to Officer DeCoatsworth, on the morning of September 24, 2007, he observed [Appellant's] car parked illegally and stopped his vehicle to investigate.  Officer DeCoatsworth witnessed three juveniles exit the car and he called them to come back.  As the three came back towards the car, Officer DeCoatsworth turned toward his own vehicle to report the stop by radio.  As he turned, [Appellant] got out of his car, pointed a sawed-off shotgun at Officer DeCoatsworth's head, and fired.  Despite being shot in the face, Officer DeCoatsworth then chased [Appellant] while giving information over his police radio.  During the pursuit, [Appellant], still holding the shotgun, turned back to Officer DeCoatsworth, who fired several shots.  [Appellant] then turned down another street and Officer DeCoatsworth lost sight of him.  Officer DeCoatsworth then sat down and called for help on his police radio.
>
> The three juveniles from [Appellant's] car, Marquis Guilford, Tevin Jones, and Ryan Jones, were also available to testify at a trial.  They would have testified that [Appellant] picked them up

before the shooting and drove them to a friend's house and then to [Appellant's] house to play video games. They would have testified that they witnessed [Appellant], whom they had each known, shoot Officer DeCoatsworth. Each gave a statement to police consistent with these facts.

Four additional eyewitnesses, Victor Burmes, Thomas Culp, Joshua Cummings, and Faith Rhodes, would have testified consistent with Officer DeCoatsworth's account. Burmes also identified [Appellant] as the shooter at Misericordia Hospital later that day. Kasheem King, [Appellant's] neighbor, identified [Appellant] as the owner of the car involved in the shooting. Seleasha Yates did not witness the shooting, but would testify that she heard the gunshots, saw the three juveniles running from the scene, and saw blood on the sidewalk after the shooting. Officer Paul Haye would testify that he witnessed Officer DeCoatsworth driving before the shooting, consistent with Officer DeCoatsworth's statement. He then heard gunshots and was waved to the location of the injured Officer DeCoatsworth by civilians. He then secured the crime scene. Alexis Canela, Alwayne Dewdney, Clermont Tyler, Clyde Ransome, Jr., and Meenhard Herlyn each observed [Appellant] running from Officer DeCoatsworth. Canela positively identified [Appellant] at Misericordia Hospital later that day. Dewdney contacted the police after the incident and identified [Appellant] from a lineup. Tyler failed to identify [Appellant] at Misericordia Hospital but later told police he only did so because he was in front of [Appellant] at the time and was scared. Nicole Millard, [Appellant's] cousin's girlfriend, would testify that a week before the shooting, [Appellant] told her that he was going to shoot the next cop that live-stopped him.

Officers Thomas Bartol, James Martin, Thomas Maminski, Frank Costanzo, Gerard Scherf, Shawn Hagan, and Kevin Corcoran would also have testified had this case gone to trial. The officers took part in the search for the suspect. Officer Bartol found [Appellant] hiding in some foliage in a rear garden. When Officer Bartol asked [Appellant] where the gun was, [Appellant] told him he hid it in a nearby alleyway. When Officer Bartol attempted to handcuff [Appellant], [Appellant] resisted and Officer Bartol pepper sprayed him before finally taking him into custody with the help of other officers.

[Appellant] was then taken to Misericordia Hospital after his arrest. Detectives Jim Burke and Edward Rocks met [Appellant] at the hospital and advised him of his ***Miranda*** rights, which [Appellant] waived. [Appellant] told these detectives that he had pointed the sawed-off shotgun at Officer DeCoatsworth's head and shot him because [Appellant] did not want to get arrested. [Appellant] also told these detectives that he had hidden the shotgun in the alleyway. [Appellant] was then discharged from the hospital and taken to the Homicide Division where he gave Detectives Burke and Rocks a detailed statement. [Appellant] admitted to possessing the sawed-off shotgun, shooting Officer DeCoatsworth, and fleeing. At the sentencing, [Appellant] apologized to Officer DeCoatsworth and the officer's family for the "pain and suffering [Appellant] brought against them."

Officers recovered the shotgun from under a pile of debris in the alley where [Appellant] was arrested. While executing a search warrant at [Appellant's] home, detectives found three live 12-gauge shotgun shells in the pocket of a vest hanging in [Appellant's] room.

All of the above evidence was overwhelming evidence of [Appellant's] guilt, and was completely independent of the testimony of Mr. Bowers. Mr. Bowers' original statement was only relevant to the burglary charge, since he identified [Appellant] as the person who broke into Mr. Bowers' house. However, there was ample evidence independent of Mr. Bowers supporting the conviction for burglary. [Appellant] admitted that after the shooting, he broke open a back door into a garden and told the resident to let him in. The resident told him to get out. Police recovered a pair of sandals at 51st Street and Arch Street and a white sweat sock from the fence of the rear yard of 125 North 52nd Street, Bowers' home. At the time of his arrest, near Mr. Bowers' home, [Appellant] was not wearing shoes. DNA from the sweat sock matched that of [Appellant].

PCRA Court Opinion, 6/11/21, at 7-9 (citations omitted).

Our review of the record confirms that the evidence of Appellant's guilt – absent the testimony of Bowers – is overwhelming. For example,

Appellant admitted to police he broke into Bowers' home. N.T., 5/20/08, at 40-42 Ex. C-1 (Defendant's Second Written Statement). Also, physical evidence recovered from Bowers' yard contained Appellant's DNA. *Id.* at 44, 48. As the after-discovered evidence would not compel a different result, the PCRA court did not err. *Padillas*, *supra* at 365.

Appellant also asserts that detectives used threats and coercion to obtain Bowers' trial testimony, stating the detectives,

> specifically including but not limited to Det. Verrecchio, used threats, coercion, and other unlawful means to obtain Mr. Bower[s'] statement violating Appellant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and Article 9 of the P.A. Constitution. The detectives' actions were part of an unconstitutional habit, pattern, and practice within the Homicide Unit.

Appellant's Brief at 25. This claim also fails because the absence of Bowers' testimony would not compel a different result at a new trial. *Padillas*, *supra*.

Finally, Appellant contends the PCRA court erred by not conducting an evidentiary hearing, but does not articulate specific issues of material fact which would necessitate a hearing. Appellant's Brief at 42-43. Appellant simply asserts, "when, as here, witnesses['] credibility [is] directly at issue, a hearing is necessary as there is a genuine issue of material fact in dispute." *Id.* It is well-settled that a PCRA petitioner does not have an absolute right to a hearing. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). A court may decline to hold a hearing if it determines

there are no genuine issues of material fact, the defendant is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *See* Pa.R.Crim.P. 907(1). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation omitted) (alteration in original). Appellant has failed to demonstrate that a hearing was warranted.

In sum, the record supports the PCRA court's factual findings regarding, *inter alia*, the overwhelming evidence of Appellant's guilt, as well as its legal conclusions denying a hearing and dismissing Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022